UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMERICAN HONDA FINANCE CORP.,

       Plaintiff,

v.

V.M. PAOLOZZI IMPORTS, INC.; DEALMAKER
OF POTSDAM, LLC; MARK PICARAZZI; and
PHILIP J. SIMAO,

       Defendants.
_____

7:10-CV-0155
(GTS/ATB)

APPEARANCES:            OF COUNSEL:

McELROY, DEUTSCH MULVANEY     LOUIS A. MODUGNO, ESQ.
& CARPENTER, LLP
 Counsel for Plaintiff
P.O. Box 2075
1300 Mount Kemble Avenue
Morristown, NJ  07962-2075

MENTER RUDIN & TRIVELPIECE, P.C.    JULIAN B. MODESTI, ESQ.
 Counsel for Plaintiff           TERESA M. BENNETT, ESQ.
308 Maltbie Street, Suite 200
Syracuse, NY  13204-1498

SCOLARO SHULMAN COHEN       CHAIM J. JAFFE, ESQ.
FETTER & BURSTEIN, P.C.        RICHARD E. SCRIMALE, ESQ.
 Counsel for Corporate Defendants
507 Plum Street, Suite 300
Syracuse, NY  13204

McMAHON KUBLICK & SMITH, P.C.     JAN S. KUBLICK, ESQ.
 Counsel for Defendant Simao
500 South Salina Street, Suite 816
Syracuse, NY  13202

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court in this breach-of-contract action is Plaintiff's motion requesting two forms of relief: (1) an Order of Seizure pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. § 7102, directing the United States Marshal or Sheriff of St. Lawrence County, State of New York, or other county within the State of New York where approximately one hundred and thirty (130) motor vehicles may be found, to seize those vehicles; and (2) an Order preliminarily enjoining Defendants (and their agents) from "selling, pledging, encumbering, removing, transferring, dismantling, commingling, using, concealing, hiding or otherwise disposing of the [in-store inventory for retail sale, including motor vehicles,]" from Defendants' motor vehicle dealerships in Potsdam, New York, and Watertown, New York (presumably before the Order of Seizure is executed). (Dkt. No. 2; *see also* Minutes from Hearing on Feb. 26, 2010.)[1] Defendants have opposed Plaintiff's motion. (Dkt. Nos. 21, 23.) A hearing was held on February 26, 2010. (*See* Minute Entry filed Feb. 26, 2010.) At the conclusion of the hearing, the Court reserved decision on Plaintiff's motion and indicated that a written decision would follow. This is that written decision. For the reasons set forth below, the Court grants Plaintiff's motion for an Order of Seizure but denies Plaintiff's motion for a preliminary injunction.

**I.      MOTION FOR ORDER OF SEIZURE**

Rule 64 of the Federal Rules of Civil Procedure provides that, "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the

---

[1] On February 10, 2010, the Court denied Plaintiff's motion for a Temporary Restraining Order requesting that the Court grant similar injunctive relief during the period of time before the issuance of a decision on Plaintiff's motion for a preliminary injunction, based on a lack of a showing of irreparable harm during that brief period of time. (*See* Text Order filed Feb. 10, 2010.)

court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a).  Section 7102 of the New York Civil Practice Law and Rules provides the rules for the recovery of chattel under New York State law.  N.Y. C.P.L.R. § 7102(a),(b) (McKinney 2009).  In pertinent part, Section 7102 provides as follows:

> The application for an order of seizure shall be supported by an affidavit which shall clearly identify the chattel to be seized and shall state: 1. that the plaintiff is entitled to possession by virtue of facts set forth; 2. that the chattel is wrongfully held by the defendant named; 3. whether an action to recover the chattel has been commenced, the defendants served, whether they are in default, and, if they have appeared, where papers may be served on them; 4. the value of each chattel or class of chattels claimed, or the aggregate value of all chattels claims; 5. . . . the place where the chattel is located and facts sufficient to establish probable cause to believe that the chattel is located at that place [if the plaintiff seeks the inclusion, in the order of seizure, of a provision authorizing the sheriff to break open, enter and search for the chattel]; [and] 6. that no defense to the claim is known to the plaintiff . . . .

N.Y. C.P.L.R. § 7102(c)(1)-(7) (McKinney 2009).

Here, Plaintiff's two affidavits in support of its motion for seizure clearly identify the chattel to be seized and state each of the facts listed above.  (Dkt. No. 2, Attach.2 [Affid. of Don Francy]; Dkt. No. 2, Attach. 3 [Exh. A to Francy Affid.].)  In addition, Plaintiff has agreed (through statements made by its counsel at the hearing on February 26, 2010) to post a bond in the amount of twice the value of the inventory to be seized.  (Minutes from Hearing on Feb. 26, 2010.)

Although they acknowledge that they were out of trust during the time period in question, Defendants generally advance two alternative but similar arguments in opposition to Plaintiff's motion: (1) Plaintiff is estopped from asserting its right to seize the collateral in question because it unconscionably forced Defendants to open a dealership in Potsdam; (2) in any event, Plaintiff

3

is estopped from asserting its right to seize the collateral in question because it fraudulently induced Defendants to continue a relationship with Plaintiff, between approximately April 2009 and February 2010, by revoking its waiver of its right to declare Defendants in default and/or through making bad-faith assurances that it would forebear taking adverse action against Defendants, actions on which Defendants detrimentally relied. (Dkt. No. 21; Minutes from Hearing on Feb. 26, 2010.) As a result, Defendants request that the one hundred and thirty (130) motor vehicles in question not be seized, and that Defendants be given a reasonable opportunity to cure their non-compliance with the Agreement. (*Id.*)

After carefully considering the parties' arguments, and the record before the Court, the Court agrees with Plaintiff. For the reasons stated above, Plaintiff has properly proceeded against Defendants under New York law. Furthermore, Defendants' proffered defenses are not sufficient to defeat Plaintiff's motion under the circumstances. For example, with regard to Defendants' argument that it unconscionably coerced Defendants to open a dealership in Potsdam, the Court finds no evidence of unconscionability in the record, and notes that Defendants are sophisticated businesspeople or corporate entities.

With regard to Defendants' argument that Plaintiff waived its right to seize the vehicles in the event of default, the Court finds as follows: (1) the right in question finds its source, in part, in the parties' Financing Agreements, which permit Plaintiff to "remove" the vehicles, and/or exercise any and all "rights . . . available at law or in equity," upon an event of default (*see* Section 8.1); (2) the Financing Agreements preclude waiver by providing that "[t]he failure or delay of [Plaintiff] to exercise any right or remedy which it may have under [the Agreements] shall not be deemed a waiver of [that right] (*see* Section 9.1); and (3) the Financing Agreements

4

further prohibit oral modification of the Agreements by providing that "no amendment or modification of [the Agreements] shall be effective unless in writing and signed by the parties to [the Agreements]" (*see* Section 9.6).[2]

With regard to Defendants' argument that Plaintiff is estopped from asserting its contractual right to seize the collateral in question because Defendants detrimentally relied on fraudulent actions taken, or fraudulent assurances made, by Plaintiff, the Court can find in the record no evidence of such fraud (which involves a *knowing* misrepresentation of the truth or concealment of a material fact). Nor can the Court find in the record any evidence of any such detrimental reliance by Defendants. In particular, Defendants do not appear to have paid anything, or given up anything, in exchange for Plaintiff's (alleged) forbearance of its right to seize the vehicles in the event of breach.[3]

With regard to Defendants' alternative argument that Plaintiff's letter to Defendants of October 20, 2009, constituted a writing that materially altered the parties' Financing Agreements, the Court finds as follows: (1) the letter in question is simply an implicit recognition of Plaintiff's contractual right to have its "designee(s) [allowed] to examine and inspect . . . and copy Dealer's books and records with respect to the Collateral" (*see* Sections 6.2

---

[2] *See also* N.Y. Gen. Oblig. Law § 15-301(1) ("A written agreement or other written instrument which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent.").

[3] *See Citicorp Intern. Trading Co., Inc. v. W. Oil & Refining Co., Inc.*, 771 F. Supp. 600, 604 n.2 (S.D.N.Y. 1991) (recognizing that, "[w]hile estoppel may prevent a party from relying on § 15-301[, which prohibits oral modification of a written contract when the contract expressly prohibits such modification,] to deny an oral modification to a contract, this generally requires that the party seeking to enforce the modification show substantial reliance on the modification").

and 9.2); (2) in any event, even if the authority to place the "keepers" in the dealerships did not find its source in the parties' Financing Agreements, the letter in question did not modify those Agreements in a material way, i.e., it did not modify the provision of the Agreements that permitted Plaintiff to seize the vehicles in the event of default.

Finally, with regard to Defendants' request that they be given a reasonable opportunity to cure their non-compliance with the Agreement, the Court notes that they have had from April 2009 to February 2010 to do so. Moreover, the Court notes that, after the conclusion of the hearing on February 26, 2010, the Court suggested the parties engage in mediation before the Court issues its decision on Plaintiff's motion; the parties completed that mediation on March 10, 2010, unsuccessfully. (Dkt. No. 27.) Through that process, the Court has assured itself that Defendants have been given every reasonable opportunity to cure their non-compliance with the Agreement.

For all these reasons, Plaintiff's motion for an Order of Seizure is granted.

## II.     MOTION FOR PRELIMINARY INJUNCTION

The issuance of a preliminary injunction pursuant to Fed. R. Civ. P. 65 depends on the movant's demonstration of (1) irreparable harm and (2) either a likelihood of success on the merits, or a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in its favor. *Tom Doherty Assoc., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33 (2d Cir. 1995).

Here, the Court finds no irreparable harm, because (1) Defendants sufficiently demonstrated to the Court during the February 26, 2010 hearing that they have sufficient assets to satisfy a future money judgment, and (2) Plaintiff has not adduced evidence that a monetary

award will not provide adequate compensation if some or all of the motor vehicles in question are removed from Defendants' dealership before the Order of Seizure is executed. As the Western District of New York concluded in analogous circumstances,

> Having found that Plaintiff is entitled to an order of seizure, the court is satisfied as to the likelihood of success on the merits. Plaintiff cannot, however, show irreparable harm. 'Irreparable harm' is injury that is actual and imminent. If a monetary award will provide adequate compensation for the injury suffered, a preliminary injunction should not issue. . . . In the unlikely event that the Defendant is able to remove the . . . [chattel], a money judgment would compensate Plaintiff for its loss.

*Barlow Lane Holdings Ltd. v. Applied Carbon Tech.*, 02-CV-0928, 2004 WL 1792456, at *5 (W.D.N.Y. Aug. 11, 2004) [citation omitted], *adopted by* 2004 WL 2110733 (W.D.N.Y. Sept. 22, 2004). As a result, the motion for a preliminary injunction is denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for an Order of Seizure (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's proposed bond of twice the value of the inventory to be seized is **APPROVED** and **ADOPTED**[4]; and it is further

**ORDERED** that Plaintiff shall promptly post the bond in question with the Clerk's Office in the amount of twice the value of the inventory to be seized, and the Clerk's Office is directed to file, upon receipt of the bond, a Court-endorsed copy of that bond; the parties are advised that, once the bond in question is posted, the Court will separately issue an Order of Seizure with an attached Schedule of the one hundred and thirty (130) vehicles to be seized; and

---

[4] Based on the Court's calculation, twice the value of the inventory to be seized is $5,621,294.18.

it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 2) is **DENIED**.

Dated: March 12, 2010
       Syracuse, New York

                                                          _____
                                                          Hon. Glenn T. Suddaby
                                                          U.S. District Judge